**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Daniel Anthony Orizaba,

Plaintiff

v.

Nevada Department of Public Safety, et al.,

Defendants

Case No.: 2:26-cv-0488-JAD-MDC

**Order Denying Motion to Reopen Case and for Relief from Dismissal**

[ECF No. 20]

On July 1, 2026, this court dismissed this case under Federal Rule of Civil Procedure (FRCP) 4(m) because Plaintiff Daniel Anthony Orizaba had not provided proof of service on any defendant within the 90 days afforded by that rule.[1] Orizaba moves for relief from that order, arguing that "On May 26, 2026, Plaintiff filed his Certificate of Service, confirming that he had effected service on all defendants via Certified Mail. The very next day, on May 27, 2026, the Court issued summons to the defendants (Document 16). This action by the Court demonstrated that it had accepted Plaintiff's service as proper."[2] So, contends Orizaba, this case should never have been dismissed.

There are multiple problems with Orizaba's theory. First, he didn't file a certificate of service on May 26, 2026. The only thing he filed that day was a "Notice of Filing of Supplemental Exhibit N" in support of his complaint:

[1] ECF No. 18.

[2] *Id*. at 1.

| | | |
|---|---|---|
| 03/27/2026 | 14 | NOTICE of Filing Supplemental Exhibit M by Daniel Anthony Orizaba. (RJDG) (Entered: 03/30/2026) |
| 05/26/2026 | 15 | NOTICE of intent to dismiss pursuant to FRCP 4(m). The complaint in this action was filed on 2/23/2026. To date no proper proof of service has been filed as to Nevada Department of Public Safety (DPS), Nevada Highway Patrol (NHP), Las Vegas Metropolitan Police Department, Bellow, C. Rapp. FRCP 4(m) dismissal deadline is set for 6/25/2026. (WJ) (Entered: 05/26/2026) |
| 05/26/2026 | 16 | SUMMONS ISSUED as to Las Vegas Metropolitan Police Department (LVMPD), Nevada Department of Public Safety (DPS) re 2 Complaint. (AMMi) (Entered: 05/27/2026) |
| 05/26/2026 | 17 | NOTICE of Filing Supplemental Exhibit N by Daniel Anthony Orizaba. (AMMi) (Entered: 05/27/2026) |
| 07/01/2026 | 18 | ORDER DISMISSING ACTION UNDER FRCP 4(m) AND CLOSING CASE. |

Supplemental Exhibit N was an email, not a certificate of service.[3] No proof of service on any defendant was filed on this docket.

Moreover, "service" requires the delivery of a summons and the complaint in the manner authorized by the rules of this court. If Orizaba were right that the court issued summonses to the defendants on May 27, 2026, then Orizaba cannot have filed proof of service of the summons and complaint the day before, as he claims he did. And finally, the issuance of a summons by the court is not triggered by the filing of a certificate of service—service can't be effectuated until the summons has been issued. So Orizaba's suggestion that the court's issuance of summonses at ECF No. 16 is evidence that the court accepted his service as proper is just misguided and wrong.

Because there is no proof in this court's docket that Orizaba timely served process on any defendant, this case was properly dismissed under FRCP 4(m). IT IS THEREFORE ORDERED that the motion to reopen the case and for relief from the dismissal order **[ECF No. 20] is DENIED.**

U.S. District Judge Jennifer A. Dorsey
July 27, 2026

[3] *See* ECF No. 17.